IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3:14-CR-266-B |
| ROBERTO VASQUEZ, JR. (48) | |

## PLEA AGREEMENT

Roberto Vasquez, Jr., ("Defendant"), Brook Busbee, ("Defendant's attorney"), and the United States of America ("Government"), agree as follows:

1. **Rights of the Defendant:** The Defendant understands that he has the following rights:

    a.  to plead not guilty;

    b.  to have a trial by jury;

    c.  to have his guilt proven beyond a reasonable doubt;

    d.  to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.  against compelled self-incrimination.

2. **Waiver of Rights and Plea of Guilty:** The Defendant waives these rights and pleads guilty to the offense alleged in Count Seventeen of the Indictment charging a violation of 18 U.S.C. § 1542, False Statement in an Application for a U.S. Passport. The Defendant understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. <u>Sentence:</u> The maximum penalties the Court can impose for Count One include:

    a. imprisonment for a period of not more than 10 years;

    b. a fine not to exceed $250,000, or twice any pecuniary gain to Vasquez or loss to the victims;

    c. a term of supervised release of not more than three years, which may follow any term of imprisonment. If Vasquez violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

    e. restitution to victims or to the community, which Vasquez agrees will include restitution arising from all relevant conduct, and not limited to that arising from the offense of conviction alone; and

    f. costs of incarceration and supervision.

4. <u>Court's Sentencing Discretion and Role of the Guidelines:</u> Vasquez understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Vasquez has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Vasquez understands that he will not be allowed to withdraw his plea if the applicable advisory guideline range is higher than expected, or if the Court departs from the applicable advisory guideline range. Vasquez will not be allowed to withdraw his plea if his sentence is higher than expected. Vasquez fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely left to the discretion of the Court.

5. <u>Immigration consequences</u>: Vasquez recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Vasquez is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Vasquez understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Vasquez nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea of guilty may entail, even if the consequence is his automatic removal from the United States.

6. <u>Mandatory special assessment</u>: Vasquez agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

7. <u>Defendant's Agreement</u>: Vasquez shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Vasquez shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Vasquez expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Vasquez fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event

the Court imposes a schedule for payment of restitution, Vasquez agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Vasquez's full and immediately enforceable financial obligation. Vasquez understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

8. <u>Government's Agreement</u>: The Government will not bring any additional charges against Vasquez based upon the conduct underlying and related to the Defendant's plea of guilty. The Government will dismiss, after sentencing, any remaining charges in the pending Indictment. The Government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Vasquez or any property.

9. <u>Violation of Agreement</u>: Vasquez understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Vasquez and others for all offenses of which it has knowledge. In such event, Vasquez waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Vasquez also waives objection to the

use against him of any information or statements he has provided to the government, and any resulting leads.

10. <u>Voluntary Plea</u>: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. <u>Waiver of Right to Appeal or Otherwise Challenge or Seek Reduction in Sentence</u>: Vasquez waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Vasquez reserves the rights (a) to bring a direct appeal (i) of a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. <u>Representation of Counsel</u>: Vasquez has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Vasquez has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Vasquez has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. <u>Entirety of Agreement</u>:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 16 day of Sept, 20 15.

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

_____
George Leal
Assistant United States Attorney
Texas State Bar No. 00794150
1100 Commerce St., Suite 300
Dallas, Texas 75242

_____
John Kull
Assistant U.S. Attorney
Texas Bar No. 00794150
1100 Commerce St., Suite 300
Dallas, Texas 75242

_____
Rick Calvert
Deputy Criminal Chief
Texas State Bar No. 03669700

_____
ROBERTO VASQUEZ, JR
Defendant

9-16-15
Date

_____
BROOK BUSBEE
Attorney for Defendant

16 Sept 2015
Date

## CERTIFICATION

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____          9-16-15
ROBERTO VASQUEZ, JR              Date
Defendant

I am the Defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the Defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          16 Sept 2015
BROOK BUSBEE                     Date
Attorney for Defendant